DANIEL PINK CHESSER, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed April 27, 1928.

*Anna A. Krivitsky*, Attorney for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant, Attorneys for Defendant in Error.

BUFORD, J.—In this case the undisputed evidence shows that the plaintiff in error and his wife separated some seven

years before the institution of this prosecution. That the wife had returned to the domicile of her mother and took with her the children; that about two years later she sued for and obtained a divorce; that about the time the divorce was granted an agreement was entered into between Chesser and his wife in pursuance of which Chesser turned over practically everything he had, in consideration of her agreement that she would not claim alimony and that she would from then on take care of the children. That the wife and children then moved to Tampa and established their residence in Tampa and that Chesser remained on a little farm in Alachua County. That about four years prior to the institution of this suit Chesser was injured and that he also became unable to perform any physical work by reason of prior affliction; that for one year he was unable to perform any work at all and that for the past three years he has been unable to earn a livelihood beyond what he could produce on a small plot of land about 160 yards square; that he has been unable to do ordinary manual labor and that he is not equipped to do any other kind of work; that he has been unable to procure money with which to pay taxes on his little farm. The evidence further shows that he had no notice that his children were not being adequately provided for.

We do not think that the agreement between Chesser and his wife, that she would take the children and support them in consideration of his turning over certain property to her, relieved him from the legal duty of caring for his children, but until such time as he had notice that this provision which he had made for their support had proven inadequate to accomplish that end, he could not be held to have the criminal intent to withhold from the children the means of support without some further evidence than that he had failed to further supply the means of support.

The unlawful withholding of means of support contemplates first the existence of the means of support and then the withholding thereof. This existence of the means of support may be evidenced by the physical and mental ability of the parent to produce the means of support, or it may be evidenced by the financial worth and ability of the parent to contribute the support. In this case the evidence is that the accused possessed no vocation except that of an ordinary farmer or farm laborer and that he was possessed of no property except a small farm which was heavily encumbered by mortgage and that for the past several years he had been to such an extent physically unable to perform manual labor and farm work. That he can only produce a scant supply of farm products inadequate to meet his personal necessities. That for two years past he had been unable to procure enough money to pay State and county taxes assessed against his real estate.

We think that under the facts as disclosed by the record in this case the State failed to produce sufficient evidence to warrant a conviction in that the State failed to produce evidence of material facts necessary to sustain the charge, having failed to show that the accused was either physically or financially able to produce the means of support, the withholding of which constituted the *gravamen* of the charge against him.

The judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.